SANDRA J. CLARK, Employee v. WAL-MART, Employer, INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA, Carrier

No. 321PA04

(Filed 7 October 2005)

## Workers' Compensation— total and permanent disability— ongoing benefits—no presumption of continuing disability

The Court of Appeals erred in a workers' compensation case by affirming the Industrial Commission's opinion and award of total and permanent disability compensation to plaintiff employee based on a presumption of continuing disability merely as a result of plaintiff's receipt of ongoing benefits arising from defendants' admission of compensability, and this case is remanded to the Court of Appeals for further remand to the Industrial Commission with instructions to find new facts and make new conclusions of law in accordance with the proper burden of proof, because: (1) the law in North Carolina is well settled that an employer's admission of the compensability of a workers' compensation claim does not give rise to a presumption of disability in favor of the employee; (2) although a presumption of disability in favor of an employee arises in limited circumstances, neither a Form 21 nor a Form 26 has been filed, nor has a prior award by the Industrial Commission been entered; and (3) the burden remained on plaintiff to prove her disability, and the Commission should not have shifted the burden to defendants to prove that plaintiff was not capable of returning to gainful employment.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 163 N.C. App. 686, 594 S.E.2d 433 (2004), affirming an opinion and award filed 31 January 2002 and an order filed 21 November 2002 by the North Carolina Industrial Commission. Heard in the Supreme Court 16 May 2005.

*The Deuterman Law Group, PA, by Daniel L. Deuterman, for plaintiff-appellee.*

*Young Moore and Henderson P.A., by Michael W. Ballance and Jennifer T. Gottsegen, for defendant-appellants.*

*Jay A. Gervasi, Jr., Counsel for the North Carolina Academy of Trial Lawyers, amicus curiae.*

LAKE, Chief Justice.

This case arises from proceedings before the North Carolina Industrial Commission (the Commission) and raises the issue whether the Commission erred in awarding plaintiff, Sandra J. Clark, ongoing benefits for total and permanent disability as a result of her 21 December 1998 work-related injury.

The record shows that plaintiff was employed by Wal-Mart Stores, Inc. (defendant-employer) on 16 July 1998 as a greeter. On 21 December 1998, plaintiff was straightening merchandise when she was asked to move a sled that was used for displays during the holidays. The sled was on a high shelf, and plaintiff had to use a ladder to get to it. When she began to move the sled, plaintiff found that it was heavy, and it started to slip. As plaintiff grabbed the sled to keep it from falling, she felt a sharp pain in her lower back. Plaintiff suffered compression fractures at L1 and L2, which were either caused or significantly aggravated by the incident.

Defendant-employer and Insurance Company of the State of Pennsylvania (collectively, defendants) admitted plaintiff's right to receive compensation pursuant to N.C.G.S. § 97-18(b) and completed Form 33R, "RESPONSE TO REQUEST THAT CLAIM BE ASSIGNED FOR HEARING," in response to plaintiff's request for a hearing to determine the issue of permanent total disability. Prior to the evidentiary hearing before Deputy Commissioner Kim L. Cramer, the parties entered into an agreement in which they stipulated that defendants had accepted liability for the injury and had paid temporary total disability benefits since the date of the accident. Following the hearing, the deputy commissioner awarded ongoing benefits to plaintiff, and defendants appealed. The Full Commission affirmed the award and stated: "As plaintiff has been receiving ongoing benefits, the burden is on defendants to show that she is capable of returning to gainful employment." The Full Commission also concluded that plaintiff was totally and permanently disabled and entitled to lifetime benefits. Defendants appealed to the Court of Appeals, which affirmed the opinion and award of the Full Commission by holding that defendants' admission of compensability gave rise to a presumption of continuing disability in favor of plaintiff. This Court allowed defendants' petition for discretionary review. For the reasons stated, we reverse the Court of Appeals' decision and remand with instructions.

The Commission, possessing exclusive original jurisdiction over workers' compensation cases, has the duty to hear the evidence and

CLARK v. WAL-MART

[360 N.C. 41 (2005)]

file its award, "together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue." N.C.G.S. § 97-84 (2003). Appellate review of an award from the Industrial Commission is generally limited to two issues: (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact. *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E.2d 374, 379 (1986). If the conclusions of the Commission are based upon a deficiency of evidence or misapprehension of the law, the case should be remanded so "that the evidence [may] be considered in its true legal light." *McGill v. Town of Lumberton*, 215 N.C. 752, 754, 3 S.E.2d 324, 326 (1939).

The North Carolina General Statutes and ample case law distinguish between the separate concepts of "compensability" and "disability." *See* N.C.G.S. § 97-2(9), (11) (2003). To establish "compensability" under the North Carolina Workers' Compensation Act (the Act), a "claimant must prove three elements: (1) [t]hat the injury was caused by an accident; (2) that the injury arose out of the employment; and (3) that the injury was sustained in the course of employment." *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977). This Court has previously held that whether an injury is "compensable" is resolved only by the question of whether an employee has an injury which would entitle her to compensation if she could also show that it had "disabled" her within the meaning of the Act. *Hendrix*, 317 N.C. at 185, 345 S.E.2d at 378.

"Disability," within the North Carolina Workers' Compensation Act, "means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C.G.S. § 97-2(9). The employee seeking compensation under the Act bears "the burden of proving the existence of [her] disability and its extent." *Hendrix*, 317 N.C. at 185, 345 S.E.2d at 378. In order to support a conclusion of disability, whether temporary or permanent, the Commission must find that the employee has shown:

(1) that [she] was incapable after h[er] injury of earning the same wages [s]he had earned before h[er] injury in the same employment, (2) that [she] was incapable after h[er] injury of earning the same wages [s]he had earned before h[er] injury in any other employment, and (3) that [her] incapacity to earn was caused by [her] injury.

*Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982).

In the case at hand, defendants fully admitted the compensability of the plaintiff's injury, leaving her only to prove her disability in order to receive continued compensation. However, plaintiff was relieved of this burden. Contrary to the decisions of the Commission and the Court of Appeals in the instant case, the law in North Carolina is well settled that an employer's admission of the "compensability" of a workers' compensation claim does not give rise to a presumption of "disability" in favor of the employee.

In *Johnson v. Southern Tire Sales & Serv.*, 358 N.C. 701, 599 S.E.2d 508 (2004), this Court expressly stated that "a presumption of disability in favor of an employee arises only in limited circumstances." *Id.* at 706, 599 S.E.2d at 512. Those limited circumstances are (1) when there has been an executed Form 21, "AGREEMENT FOR COMPENSATION FOR DISABILITY"; (2) when there has been an executed Form 26, "SUPPLEMENTAL AGREEMENT AS TO PAYMENT OF COMPENSATION"; or (3) when there has been a prior disability award from the Industrial Commission. *Id.* Otherwise, the burden of proving "disability" remains with plaintiff, even if the employer has admitted "compensability."

In *Johnson*, neither a Form 21 nor a Form 26 had been filed and approved by the Commission, nor had there been a prior award by the Industrial Commission. Accordingly, this Court held that the employer's admission of compensability and payment of disability benefits to the employee did not give rise to a presumption of continuing disability in favor of the employee. *Id.* Similarly, in the present case, neither a Form 21 nor a Form 26 has been filed, nor has a prior award by the Industrial Commission been entered. Thus, plaintiff is not entitled to a presumption of continuing disability as a matter of law. The Commission erred in presuming plaintiff was disabled merely as a result of her receipt of ongoing benefits arising from defendants' admission of compensability. Accordingly, the Commission also erred in shifting the burden to defendants to prove that plaintiff was not capable of returning to gainful employment. "Because the burden remained on plaintiff to prove [her] disability, the Commission was obligated to make specific findings regarding the existence and extent of any disability suffered by plaintiff." *Id.* at 707, 599 S.E.2d at 512-13.

CLARK v. WAL-MART

[360 N.C. 41 (2005)]

In affirming the decision of the Full Commission in this case, the Court of Appeals not only ignored the precedent of this Court, but also the precedent established by its own recent decisions. *See Cialino v. Wal-Mart Stores, Inc.*, 156 N.C. App. 463, 471, 577 S.E.2d 345, 351 (2003) ("Neither [the Court of Appeals] nor [the] Supreme Court has ever applied a continuing presumption of disability in a context other than an award by the Industrial Commission, a Form 21, or a Form 26 settlement agreement."); *Parker v. Wal-Mart Stores, Inc.*, 156 N.C. App. 209, 211-12, 576 S.E.2d 112, 113-14 (2003) (stating that the Commission's findings must sufficiently reflect that the employee carried the burden of proving disability by all three *Hilliard* factors in a claim in which defendants had admitted compensability under N.C.G.S. § 97-18(d) through payment of compensation beyond ninety days); *Gilberto v. Wake Forest Univ.*, 152 N.C. App. 112, 115, 566 S.E.2d 788, 791 (2002) (stating that although the employee established temporary total disability, she retained the burden of proving a continuing total disability); *Effingham v. Kroger Co.*, 149 N.C. App. 105, 108, 112, 561 S.E.2d 287, 290, 292 (2002) (stating that even though the employee was awarded temporary total disability benefits and her injury was accepted as compensable by defendants pursuant to the filing of a Form 60, she was not entitled to "a presumption of continuing disability"); *Sims v. Charmes/Arby's Roast Beef*, 142 N.C. App. 154, 159-60, 542 S.E.2d 277, 281-82, *disc. rev. denied*, 353 N.C. 729, 550 S.E.2d 782 (2001) ("[A]dmitting compensability and liability, whether through notification of the Commission by the use of a Form 60 or through paying benefits beyond the statutory period provided for in [N.C.]G.S. § 97-18(d), does not create a presumption of continuing disability as does a Form 21 agreement."); *Royce v. Rushco Food Stores, Inc.*, 139 N.C. App. 322, 330-31, 533 S.E.2d 284, 289 (2000) (stating that the employee retained the burden of proof and was not entitled to a presumption of continuing disability as a result of the Commission's earlier determination that she was temporarily and totally disabled); *Olivares-Juarez v. Showell Farms*, 138 N.C. App. 663, 666, 532 S.E.2d 198, 201 (2000) (stating that "the Commission erred in placing the initial burden on [defendants] . . . without first requiring plaintiff to establish the existence and extent of his disability" when compensation was initiated without prejudice under N.C.G.S. § 97-18(d)); *Demery v. Converse, Inc.*, 138 N.C. App. 243, 252, 530 S.E.2d 871, 877 (2000) (noting that plaintiff is not entitled to a presumption of total disability without a Form 21 agreement); *Brice v. Sheraton Inn*, 137 N.C. App. 131, 137, 527 S.E.2d 323, 327-28 (2000) (stating that

although plaintiff had met her burden of proving temporary total disability, she failed to prove permanent and total disability; thus, no burden to refute such a claim shifted to defendant).

For the foregoing reasons, we reverse the decision of the Court of Appeals affirming the Industrial Commission's opinion and award of complete and total disability compensation to plaintiff by use of presumption. This case is remanded to the Court of Appeals for further remand to the Industrial Commission with instructions to find new facts and make new conclusions of law in accordance with the proper burden of proof.

REVERSED AND REMANDED.