***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence, and upon reconsideration, the Full Commission affirms in part and modifies in part the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and the subject matter. *Page 2 
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. This case is subject to the North Carolina Worker's Compensation Act, and the parties are bound by and subject to the North Carolina Workers' Compensation Act.
4. An employment relationship existed between the plaintiff and the defendant as of April 13, 2005.
5. The Phoenix Insurance Company was the insurer and St. Paul Travelers Insurance Company was the third-party administrator for defendant-employer at the time of the injury by accident on April 13, 2005, and all other times relevant to this claim.
 *********** EXHIBITS
The following exhibits were received and admitted into evidence:
1. Stipulated Exhibits:
 1. Pretrial agreement;
 2. Medical records; and
 3. IC forms.
2. Defense Exhibits:
 1. Letter to plaintiff's counsel, dated September 19, 2005;
 2. Letter from plaintiff's counsel, dated September 23, 2005;
 3. Letter to plaintiff's counsel, dated November 1, 2005 with report;
 4. Letter from plaintiff's counsel, dated November 7, 2005;
 5. Letter from Neil P. Andrews, dated December 8, 2005; and
 6. Letter from David Dillard, dated May 12, 2006. *Page 3 
 *********** DEPOSITIONS
The following depositions were received and admitted into evidence.
1. Deposition of Lee Anzaldi, taken on August 9, 2006;
2. Deposition of Pam Hagaman, taken on September 18, 2006; and
3. Deposition of Dr. Stephen G. Fleming, taken on September 18, 2006.
 *********** EVIDENTIARY RULING
Plaintiff objects to the introduction into evidence of the May 8, 2006 report written by Pam Hagaman, a physical therapist who performed plaintiff's functional capacity evaluation on August 24, 2005. A telephone call was made to Pam Hagaman and St. Paul Travelers' adjuster, Jerry A. Oldenburg wrote to Ms. Hagaman asking if she would review enclosed video tapes and job descriptions for a determination of suitability of employment. This was effected without obtaining the prior consent of plaintiff, although plaintiff's counsel, defendants' counsel and defendants were provided copies of the letter. The copying of a party on correspondence does not necessarily constitute consent. The telephone call to Ms. Hagaman was ex parte. The undersigned determine that May 8, 2006, report of Pam Hagaman is inadmissible.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 50 years old and had completed the 12th grade of high school. Plaintiff had also obtained certificates to operate a forklift. *Page 4 
2. On April 13, 2005, plaintiff sustained an injury at work when he tore a quadriceps tendon above the left knee. On April 19, 2005, defendants accepted the claim on a North Carolina Industrial Form 60,Employer's Admission of Employee's Right to Compensation Pursuant toG.S. § 97-18(b). There was no issue regarding the handling of this matter with respect to indemnity payments or medical payments.
3. Plaintiff underwent a repair of the quadriceps tendon of the left knee. Post-operatively, Dr. Fleming of Boone Orthopaedic Associates treated plaintiff. On August 24, 2005, plaintiff met with Pam Hagaman, a physical therapist with a specialty in orthopedics, for a functional capacity evaluation (FCE). The evaluation revealed plaintiff could only work at a job where the physical demands are in the sedentary to light category. This was the only time that Ms. Hagaman met with plaintiff.
4. On September 1, 2005, Dr. Fleming rated plaintiff with a twelve percent (12%) permanent partial impairment to the left lower extremity and five percent (5%) permanent partial impairment to his whole body, according to AMA guidelines as well as permanent restrictions based on the FCE results. Dr. Fleming released plaintiff to work at a sedentary-to-light demand level, with restrictions the following restrictions: lifting a maximum of 15 pounds floor to waist, 21 pounds counter to counter, 20 pounds waist to shoulder and 15 pounds overhead. Plaintiff can push and pull 100 pounds, but is limited to 20 minutes of standing at one time and 20 minutes of sitting at one time. Dr. Fleming opined plaintiff could not return to his prior position due to its physical demands. Dr. Fleming assessed plaintiff at maximum medical improvement as of September 1, 2005. *Page 5 
5. On September 19, 2005, Dr. Fleming noted that based on North Carolina guidelines, plaintiff had a rating of fifteen percent (15%) permanent partial impairment to his left lower extremity.
6. Defendants offered plaintiff three job positions within its facility from September 2005 to the time of the hearing before the Deputy Commissioner. The positions offered included an inspector/hand packer, salvage/re-worker, and an inspector/sorter. The physical demands for each of these three jobs were in the light work category. Each of these descriptions includes analysis material on the physical demands of the job and the environmental conditions present. Based on the job analysis report submitted into evidence, each position involved only negligible lifting as materials are brought to and taken away from the workstation by a material handler. In addition, each position allowed the worker to sit or stand at will.
7. The plaintiff testified he was aware of the offers and the duties of the positions, but did not respond to the offers and has never reported back to work for defendant-employer.
8. Defendants hired Lee Anzaldi, a vocational rehabilitation specialist, to assist in plaintiff's return to work. On April 18, 2006, plaintiff met with Mr. Anzaldi with the understanding that the meeting was to facilitate his return to work. Over the next thirty days, plaintiff discussed his concerns related to the positions as well as his concerns regarding the scope of vocational rehabilitation. Mr. Anzaldi visited defendant-employer and met with the Human Resources manager, Manufacturing Manager and Floor Manager. On May 11, 2006, Mr. Anzaldi met with defendant-employer to discuss appropriate accommodations that would be necessary for plaintiff to return to work and defendant-employer consented to them.
9. At his deposition, Mr. Anzaldi testified that the three jobs offered by defendants did not require lifting outside of plaintiff's FCE restrictions and that they were within the other *Page 6 
guidelines of the FCE. In fact, Mr. Anzaldi testified that the lifting requirements of all three jobs were less than 15 pounds.
10. In a November 7, 2005 letter, plaintiff's counsel objected to the three positions as unsuitable for plaintiff's physical restrictions.
11. On December 20, 2005, plaintiff's counsel wrote to Dr. Fleming asking that he find the positions unsuitable for plaintiff in that the descriptions were no longer accurate and were not within plaintiff's restrictions. There is no evidence in the record that the job descriptions no longer reflected the job duties. In a December 28, 2005 letter, Dr. Stephen Fleming disapproved the jobs "for reasons stated by Mr. Howell's attorney." Dr. Fleming opined that the "determination of an appropriate job is now up to the legal system and not up to my discretion."
12. On May 22, 2006, plaintiff was scheduled to return to work with defendant-employer. Mr. Anzaldi was to attend the job site to confirm compliance with work restrictions and aid plaintiff with problems or concerns; however, plaintiff failed to report to work.
13. The undersigned find that plaintiff has not offered sufficient evidence as to why he did not report to work on May 22, 2006, or why he cannot perform the work defendants offered as an inspector, sorter or breakdown worker and therefore, plaintiff's entitlement to temporary total disability compensation should be suspended as of May 22, 2006.
14. The undersigned give greater weight to the testimony of Mr. Anzaldi regarding the suitability of the positions offered by defendants than to that of Dr. Fleming and Ms. Hagaman. Mr. Anzaldi was not only familiar with plaintiff's physical restrictions determined by the FCE and by Dr. Fleming but had a better understanding of the functions of the three positions offered by defendants as he had visited defendant-employer and made certain that defendant-employer *Page 7 
agreed to accommodations that would be important for plaintiff to be able to perform the duties.
15. Plaintiff testified at the hearing before the Deputy Commissioner that although he did not consider the positions with defendant-employer to be suitable, he only looked for two other jobs over the year. Mr. Anzaldi provided plaintiff with additional job leads beyond those with defendant-employer, including leads for florist delivery, an assembler and a telemarketer; however, as of the hearing before the Deputy Commissioner, plaintiff had not applied for any of these positions. The undersigned find that plaintiff has failed to make a reasonable effort to secure employment within his limitations and has not provided sufficient evidence as to why he did not pursue the leads provided by his vocational rehabilitation specialist.
16. The greater weight of the evidence of record establishes and the undersigned find that the three positions offered to plaintiff are generally available in the competitive job market. Based on the findings of the FCE, the descriptions of the position offered to plaintiff and considering the opinions of Dr. Fleming, Ms. Hagaman and Mr. Anzaldi contained in their deposition testimony, the undersigned find that the positions offered to plaintiff constituted suitable employment and plaintiff was unjustified in refusing to return to work.
17. Since the date of the injury, plaintiff has received temporary total disability benefits. Plaintiff has been paid at a compensation rate of $452.50, although the original Form 60 listed the average weekly wage as $682.08 with a compensation rate of $454.74. According to the Form 22 provided in stipulated exhibit 3, the undersigned find plaintiff's average weekly wage to be $678.72 with a compensation rate of $452.50.
 *********** *Page 8 
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On April 13, 2005, plaintiff sustained an injury by accident arising out of and in the course of his employment, which defendants admitted on a Form 60 filed on April 19, 2005. N.C. Gen. Stat. §97-2(6).
2. The employee has the burden of proving both the existence and extent of his disability. Clark v. Wal-Mart, 360 N.C. 41, 619 S.E.2d 491
(2005).
3. The employment that defendants offered to plaintiff was suitable employment which plaintiff unjustifiably refused as of May 22, 2006. As long as plaintiff continues to refuse suitable employment, he is not entitled to any further compensation benefits. N.C. Gen. Stat. § 97-32.
4. The plaintiff is entitled to receive compensation for his permanent partial impairment of fifteen percent (15%). N.C. Gen. Stat. § 97-31.
5. Defendants are entitled to a credit for overpayment of total disability compensation. N.C. Gen. Stat. § 97-42.
6. Plaintiff is entitled to all medical expenses incurred or to be incurred as a result of his compensable injury, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or tend to lessen plaintiff's period of disability. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following: *Page 9 
 AWARD
1. Plaintiff is not entitled to any further compensation benefits during the period he refuses suitable employment.
2. Plaintiff is awarded a fifteen percent (15%) permanent partial disability to his leg, subject to defendant's credit.
3. Defendant shall pay all related medical expenses incurred or to be incurred by plaintiff as the result of his injury by accident, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or tend to lessen plaintiff's period of disability.
4. Defendants shall pay the costs.
This the ___ day of December 2007.
S/_______________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/_______________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER *Page 1