***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Rideout with minor modifications.
 *********** ISSUES
The issues in contention are:
1. Are Plaintiff's current conditions a result of her August 1, 2007, fall?
2. Was Plaintiff discharged for her work performance?
3. What, if any, additional medical treatment or financial compensation is due? *Page 2 
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at and following the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. That the date of the alleged injury which is the subject of this claim is August 1, 2007.
2. That on such date, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. That on such date, an employer-employee relationship existed between Plaintiff and Defendant-Employer.
4. That on such date, Defendant-Employer employed three or more employees.
5. That Defendant-Employer is insured by Synergy Coverage Solutions.
6. That Plaintiff's average weekly wage is $468.88.
7. That Defendants have accepted only the portion of Plaintiff's claim concerning her right wrist sprain arising from the August 1, 2007, injury. Defendants deny responsibility for any other alleged injuries.
8. The following depositions were taken and received into the record before the Deputy Commissioner:
 a. Dr. Hardy Singh
 b. Dr. William Somers
 c. Dr. Daniel Albright
 d. Dr. Joseph Micchia *Page 3 
 e. Janet Howell
 ***********
Based upon all of the competent credible evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff sustained an injury by accident on August 1, 2007, when she fell on a sidewalk at St. Augustine's College.
2. Two days after the accident, Plaintiff was seen at the Raleigh Urgent Care Center complaining of tenderness in her right lateral wrist, posterior neck, and both knees. Following a negative x-ray, Plaintiff was diagnosed with multiple contusions and released to return to work, with instructions to relax and use analgesic balm and ice for the wrist.
3. Plaintiff's claim for medical compensation for a right wrist sprain was accepted by Defendant.
4. In November of 2007, Plaintiff complained again of pain in her knee and neck, and began to voice complaints of pain in other areas of her body, including her neck, ankle, and shoulder.
5. Plaintiff testified, and the undersigned finds as a fact, that Plaintiff did not miss any work due to an injury from August 1, 2007, until January of 2008.
6. Plaintiff initiated treatment at Raleigh Orthopaedic in December 2007. Plaintiff treated extensively with Dr. Kevin Logel for her foot and with Dr. Daniel Albright for her shoulder.
7. Dr. Logel released Plaintiff to return to work on January 28, 2008, with respect to any foot injury. *Page 4 
8. Dr. Albright released Plaintiff to return to work on January 28, 2008, with restrictions of no lifting greater than fifteen (15) pounds.
9. Plaintiff continued to treat with Dr. Albright until July 2008, when Dr. Albright released Plaintiff at maximum medical improvement. Dr. Albright opined that Plaintiff suffered a zero percent permanent impairment rating to her shoulder and neck.
10. Plaintiff also sought unauthorized treatment from Dr. Hardy Singh and Dr. William Somers. Dr. Singh treated Plaintiff twice, and Dr. Somers performed an independent medical examination one day prior to the hearing of this matter.
11. The Full Commission finds that Dr. Albright and Dr. Logel were plaintiff's treating physicians. Dr. Albright had an opportunity to observe plaintiff over almost a seven month period of time, and therefore the testimony of Dr. Albright is given more weight than that of other physicians who treated Plaintiff.
12. Dr. Singh treated Plaintiff twice, for Plaintiff's foot and shoulder. Dr. Singh testified that Plaintiff's foot condition, due to a Haglund's deformity, arose from accumulative wear and tear over time, and had not been caused by a onetime injury. As to Plaintiff's shoulder injury, possibly a rotator cuff tear, Dr. Singh declined to relate it to Plaintiff's August 1, 2007, workplace injury.
13. Dr. Somers testified that it was his opinion that Plaintiff's current condition was related to an injury in the course and scope of her employment with Defendant. However, the Full Commission finds insufficient evidence in the testimony of Dr. Somers to support that opinion. *Page 5 
14. Plaintiff returned to work in March of 2008. Defendants accommodated Plaintiff's restrictions, but Plaintiff failed to adequately perform her job duties as an administrative assistant.
15. Plaintiff's poor job performance pre-dated her August 1, 2007, injury. The Full Commission finds that Plaintiff's subsequent termination from her employment with Defendant was a result of poor job performance unrelated to her August 1, 2007, workplace injury, and for which any other employee would have been likewise terminated.
16. Dr. Albright testified that Plaintiff could return to work and perform the job duties of an administrative assistant effectively. Dr. Albright testified that Plaintiff was not sufficiently disabled as to be unable to perform her job duties.
17. None of the medical providers testified that Plaintiff is currently disabled as a result of her accident on August 1, 2007.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of her employment on August 1, 2007. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has failed to show that the conditions for which she was treated by Dr. Singh, and the extant conditions described by Dr. Somers, are causally related to her compensable August 1, 2007, workplace accident. N.C. Gen. Stat. § 97-2(6) *Page 6 
3. "Disability," within the North Carolina Workers' Compensation Act "means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9).
4. The employee seeking compensation under the Act bears "the burden of proving the existence of [her] disability and its extent."Hendrix v Lynn-Corriher Corp.,317 N.C. 179, 185, 345 S.E.2d 374, 378, (1986).
5. In order to support a conclusion of disability, whether temporary or permanent, the Commission must find that plaintiff has shown: (1) unable to earn the same wages as before the injury in the employment, (2) unable to earn the same wages as before injury in any other employment, and (3) incapacity to earn was caused by injury. Clark v. Wal-Mart, 619 S.E.2d 491 (2005).
6. Plaintiff did not produce sufficient evidence to show that she was unable to work because of her injury. See Clark.
7. Plaintiff was released to work light duty and was subsequently terminated from her employment with Defendant because of poor job performance unrelated to her compensable injury. Therefore, Plaintiff is not entitled to ongoing temporary total disability benefits as a result of her injury by accident of August 1, 2007. N.C. Gen. Stat. § 97-29; Seagraves v. Austin Co. ofGreensboro, 123 N.C. App. 228 (1996).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim is DENIED. *Page 7 
2. Each side shall pay its own cost.
This the ___ day of September, 2009.
S/___________________
DIANNE C. SELLERS
COMMISSIONER
CONCURRING:
S/___________________
STACI T. MEYER
COMMISSIONER
S/___________________
DANNY L. McDONALD
COMMISSIONER