***********
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned affirms the Deputy Commissioner's decision denying Plaintiff's claim for an alleged injury by accident on July 30, 2007 in I.C. File 883676 and reverses the Deputy Commissioner's denial of Plaintiff's claim for an injury by accident occurring on or about December 16, 2007 in I.C. File 883678.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. At the time of the alleged injuries giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. At such times, an employment relationship existed between Plaintiff and Employer-Defendant.
3. Wausau Insurance Company was the carrier on the risk for Employer-Defendant.
4. Plaintiff's average weekly wage is $406.60.
 ***********
Based upon all of the competent evidence produced at the hearing, the undersigned makes the following:
 FINDINGS OF FACT
1. Plaintiff was 24 years old at the time of hearing before the Deputy Commissioner. Plaintiff attended high school but did not complete the 12th grade. Plaintiff obtained employment with GCA Production on June 28, 2004. On the dates of the alleged incidents giving rise to this claim, Plaintiff was employed by GCA on the third shift as a winder operator/doffer. Plaintiff worked four-day, 12-hour shifts from 8:00 p.m. through 8:00 a.m.
2. Plaintiff, through his prior counsel of record, filed a Form 18 on December 6, 2007 in I.C. File 883676. In this Form 18 Plaintiff' alleged the date of injury as July 1, 2007. On December 18, 2007, Plaintiff completed a GCA Services Group (GCA) Employee Incident Report alleging the date of injury as August 31, 2007. At hearing, Plaintiff testified that he was injured on the same day that he first received medical treatment for his back as shown in the medical records provided to the Commission. The medical records would fix the alleged date of injury by accident as July 30, 2007.
3. Plaintiff asserts that a lift assist he was operating swung around and hit his lower back. Plaintiff testified he was injured around 3:00 or 3:30 a.m. and worked until 8:00 a.m. that *Page 3 
morning. When he got off work that morning, his mother took him to the hospital. Plaintiff stated that he went back to work the following day.
4. GCA Production's time records, which were entered into evidence by the parties' stipulation, reveal that Plaintiff did not work on July 30, 2007. Plaintiff's two supervisors both testified that Plaintiff did not work on July 30, 2007.
5. Plaintiff did not complete a GCA incident report regarding the alleged injury until December 2007. Plaintiff recorded the date of injury as August 31, 2007. However, Plaintiff has not alleged an injury by accident on July 30, 2007.
6. Plaintiff presented to John Dawson, M.D., at Kings Mountain Hospital on July 30, 2007. Plaintiff described back pain that began four months prior. Dr. Dawson testified that Plaintiff did not report any injury involving trauma to his back or provide a specific date of injury. Dr. Dawson testified that he did not observe any signs of recent trauma.
7. Weighing all of the evidence, the Plaintiff's evidence supporting an injury by accident in July 2007 is not compelling.
8. Plaintiff alleges in I.C. File 883676 an injury by accident occurring in the early morning hours of December 15/16, 2009 shift, when he was thrown backward against a steel table while attempting to remove a roll of fiberglass from the winder. The alleged accident was not witnessed.
9. While the evidence is highly disputed, the greater weight of the evidence establishes that Plaintiff reported this lower back injury to his supervisors Jerome Raymond and Scott Lane on the late night or early morning of December 15/16, 2007 shift. *Page 4 
10. Plaintiff clocked out of work at 12:06 am on the morning of December 16, 2007. Plaintiff understood he was supposed to take a drug test per GCA Production policy if he had been injured, but he was not requested to submit to a drug test.
11. As soon as Plaintiff left GCA Production in the early morning of December 16, 2007, the medical records indicate he traveled directly to Kings Mountain Hospital for treatment for a back injury.
12. Plaintiff did not return to work the next day, however, he informed Pam Southerland in the corporate office of GCA production that he had just been injured and placed on light duty by the doctor. He completed a report as required by his employer.
13. In the following days, Plaintiff sought medical care from Shelby Walk-In Medical. He was restricted to light duty work with restrictions of not lifting, pushing or pulling more than 10 pounds or to engaging in excessive crouching, stooping, or bending. The restrictions were either communicated to Pam Southerland or were faxed to GCA Production by Plaintiff's mother.
14. Weighing the conflicting evidence, including the testimony of Defendant's employees contradicting the Plaintiff's account, the Plaintiff has proven by the greater weight of the evidence that he sustained an injury by accident on or about December 16, 2009.
15. In May and July, 2008 Plaintiff was examined by Dr. William Hunter of Gastonia, North Carolina to solicit his opinion and recommendation as whether surgery is appropriate. Dr. Hunter determined that Plaintiff has a herniated disc requiring surgical correction.
16. Dr. Hunter's opinion is that Plaintiff sustained an injury to his lower back on the late night of December 15/16, 2007shift that aggravated a preexisting back condition and is a *Page 5 
proximate cause of the disc herniation at L5-S1 and also occasional right leg weakness and numbness and tingling in his right foot of which Plaintiff suffers.
17. Defendants' assertion is not well taken that Dr. Hunter's opinion lacks credibility because the history he received from Plaintiff was incorrect. The Full Commission finds that Plaintiff's report of the injury to his physician is substantially in accord with the facts as found by the Full Commission.
18. Dr. Hunter's undisputed testimony establishes the medically necessary and appropriate course of treatment is surgery in the form of a microdiscectomy at L5-S1, and there is no contrary medical evidence.
19. Plaintiff has not returned to work at GCA Production since December 16, 2007. The medical restrictions imposed upon Plaintiff pending surgical correction of his herniated disc support a finding that Plaintiff is currently incapable of suitable employment.
20. A permanent partial disability rating, if any, cannot be rendered until surgery is completed.
 ***********
Based upon the forgoing Stipulations and Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. It is well established in North Carolina that the person claiming benefits of compensation has the burden of showing that the injury complained of resulted from an accident or a specific traumatic incident arising out of and in the course of the employment. Henry v. A.C. Lawrence Leather Company,231 N.C. 477, 57 S.E.2d 760 (1950). Plaintiff has failed to *Page 6 
prove by the greater weight of the evidence that he suffered an injury at work in July, 2007 and his claim must be denied.
2. Plaintiff has proven by the greater weight of the evidence that he sustained an injury by accident to his lower back on or about December 16, 2007 in I.C. File No 883676. N.C. Gen. Stat. § 97-2(6).
3. An injured employee seeking compensation under the North Carolina Workers' Compensation Act bears the burden of proving the existence of his disability, including the loss of wage earning capacity. Clark v. Walmart,360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005). In order to support a conclusion of disability, temporary or permanent, the Industrial Commission must find that the employee has shown that he was incapable after his injury of earning the same wages that he had earned before his injury either in the same employment or with any other employer, and that his incapacity to earn the same wages was caused by his injury. Clark, 360 N.C. at 43, 619 S.E.2d at 492. The claimant may meet his burden of proof of establishing continued disability under Clark through (a) medical evidence demonstrating that he is physically or mentally incapable of work in any employment as a result of his work-related injury, (b) evidence that he is capable of some work but that he has been unsuccessful in obtaining employment after a reasonable effort, (c) evidence that it would be futile for Plaintiff to seek other employment due to pre-existing conditions, or (d) evidence that he has obtained alternate employment at a wage less than that earned before the injury. Id.; Russell v. Lowe's Product Distrib.,108 N.C. App. 762, 765, 425 S.E. 2d 454, 457 (1993). Plaintiff proved by the greater weight of the medical evidence that he is temporarily totally disabled since December 16, 2007 and there is sufficient evidence of record to conclude that it would be futile for Plaintiff to seek other employment given his herniated disc. Plaintiff is entitled to temporary total disability *Page 7 
benefits from December 17, 2007 and continuing until further orders of the Industrial Commission.
4. Plaintiff is entitled to all reasonable medical treatment necessary to provide a cure, give relief, or to lessen Plaintiff's disability, for so long as said treatment is necessary as a result of Plaintiff's injury by accident of August 25, 2006. Plaintiff's treatment at Kings Mountain Hospital, Shelby Walk-In Medical and Dr. Hunter, including the surgery recommended by Dr. Hunter, are reasonable and necessary medical expenses and should be approved. N.C. Gen. Stat. § 97-25.1.
 ***********
The foregoing Stipulations, Findings of Fact and Conclusions of Law findings engender the following:
 AWARD
1. Plaintiff's claim for benefits in I.C. File No 883676 under the Workers' Compensation Act for the alleged injury by accident in July 2007 is DENIED.
2. In I.C. File No 883678, Defendants shall pay Plaintiff temporary total disability benefits beginning on December 17, 2007 and continuing subject to further orders by the Industrial Commission. All past due amounts to the date of this Award shall be paid to Plaintiff in lump sum. Plaintiff's further disability benefits shall be paid weekly. The past due and future disability compensation are subject to the attorney fee provided for hereinafter.
3. Defendants shall provide and pay for all reasonable medical treatment necessary to provide a cure, give relief, or tends to lessen Plaintiff's disability, for so long as said treatment is necessary as a result of Plaintiff's injury by accident of December 16, 2007, including medical services rendered at Kings Mountain Hospital, Shelby Walk-In Medical and Dr. Hunter. The *Page 8 
surgery recommended by Dr. Hunter is authorized and Dr. Hunter is designated as Plaintiff's treating physician.
4. Plaintiff shall pay a reasonable attorney fee of 25% of the disability benefits awarded in Paragraph 2 above. From the past due benefits owed to Plaintiff, Defendants shall deduct the attorney fee in lump sum and pay the same directly to Plaintiff's counsel. For attorney fees from future disability payments, Defendants shall deduct every fourth payment from Plaintiff and pay the same directly to Plaintiff's counsel.
5. Each side shall pay their own costs in I.C. File 883676. Defendants shall pay the costs in I.C. File 883678.
This the ___ day of November, 2009.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ PAMELA THORPE YOUNG CHAIR *Page 1