ESTATE OF RANDY BENNETT FREEMAN, Employee, DEBORAH LYNN FREEMAN, Fiduciary v. J.L. ROTHROCK, INC., Employer, NORTH AMERICAN SPECIALTY, Carrier, AEQUICAP CLAIMS SERVICES, INC. (formerly CLAIMS CONTROL, INC.), Administrator

No. 163A08

(Filed 1 May 2009)

**Workers' Compensation— employee misrepresentation at hiring—adoption of Larson test—judicial legislation**

The decision of the Court of Appeals in this case that an employee was barred from receiving workers' compensation benefits for his injury because of misrepresentations at the time of his hiring is reversed for the reason stated in the dissenting opinion that the adoption of the Larson test by the majority opinion in the Court of Appeals constitutes impermissible judicial legislation.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 189 N.C. App. 31, 657 S.E.2d 389 (2008), reversing an opinion and award filed 9 November 2006 by the North Carolina Industrial Commission. On 11 June 2008, the Supreme Court allowed plaintiff's petition for discretionary review of additional issues. Heard in the Supreme Court 16 December 2008.

**BRYANT v. TAYLOR KING FURN.**

[363 N.C. 250 (2009)]

*Jay Gervasi, P.A., by Jay A. Gervasi, Jr., for plaintiff-appellant.*

*Brooks, Stevens & Pope, P.A., by Joy H. Brewer and Ginny P. Lanier, for defendant-appellees.*

PER CURIAM.

The decision of the Court of Appeals is reversed for the reasons stated in the dissenting opinion, and the case is remanded to the Court of Appeals for consideration of the remaining assignments of error. Discretionary review was improvidently allowed as to the additional issues.

REVERSED AND REMANDED; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED.