RANDY B. FREEMAN, Employee, Plaintiff v. J.L. ROTHROCK, Employer, and NORTH AMERICAN SPECIALTY, Carrier, AEQUICAP CLAIMS SERVICES, INC. (Formerly CLAIMS CONTROL, INC.) Administrator, Defendants-Appellants

No. COA07-269-2

(Filed 2 February 2010)

## 1. Workers' Compensation— disability established

Defendant's argument that the Full Commission erred in concluding that plaintiff was entitled to ongoing total disability compensation was overruled. The Full Commission's challenged findings of fact were supported by competent evidence, and the findings supported the conclusion of law that plaintiff established his disability pursuant to the second and third tests set forth in *Russell v. Lowe's Prod. Distrib.*, 108 N.C. App. 762, and that defendant failed to rebut the presumption of disability.

## 2. Workers' Compensation— no credit for earlier payments received—clincher settlement agreements

The Full Industrial Commission did not err in concluding that defendant was not entitled to credit pursuant to N.C.G.S. § 97-33 for payments plaintiff received under "clincher" settlement agreements for workers' compensation claims with previous employers. The amounts paid pursuant to the clincher agreements were not accelerated payments of compensation for total disability and the record was void of any evidence that would support apportionment.

On remand to the Court of Appeals from an order of the Supreme Court of North Carolina reversing and remanding the decision in *Freeman v. J.L. Rothrock, Inc.*, 189 N.C. App. 31, 657 S.E.2d 389 (2008), for consideration of the remaining assignments of error. Appeal by defendants from Opinion and Award of the Full Commission of the North Carolina Industrial Commission entered 9 November 2006. Originally heard in the Court of Appeals 18 September 2007.

*Jay Gervasi, P.A., by Jay A. Gervasi, Jr., for plaintiff-appellee.*

*Brooks, Stevens & Pope, P.A., by Joy H. Brewer, for defendants-appellants.*

FREEMAN v. ROTHROCK

[202 N.C. App. 273 (2010)]

JACKSON, Judge.

This case is heard upon remand from our Supreme Court, *see Estate of Freeman v. J.L. Rothrock, Inc.*, 363 N.C. 249, 676 S.E.2d 46 (2009), reversing the prior opinion of this Court for the reasons set forth in the dissenting opinion. *See Freeman v. J.L. Rothrock, Inc.*, 189 N.C. App. 31, 48-49, 657 S.E.2d 389, 399-400 (2008) (Wynn, J., dissenting) (rejecting the adoption of the Larson test as a bar to recovery of worker's compensation benefits when an employee made misrepresentations at the time of hiring about his physical condition) (citations omitted) (*"Freeman I"*). Pursuant to our Supreme Court's opinion, we address the remaining assignments of error not discussed in *Freeman I. Estate of Freeman*, 363 N.C. at 249, 676 S.E.2d at 46. For the reasons set forth below, we affirm.

A more complete presentation of the facts appears in *Freeman I. See Freeman I*, 189 N.C. App. at 33-35, 657 S.E.2d at 390-92. Following, however, is a brief recitation of the material history.

In June 2000, Randy B. Freeman ("plaintiff") obtained employment as a truck driver with J.L. Rothrock, Inc. ("defendant"). On 11 March 2002, plaintiff alleged an injury to his neck, right shoulder, and back that occurred as a result of cranking a dolly on a trailer. On 12 March 2002, plaintiff began receiving ongoing total disability payments of $431.32 per week. On 23 December 2002, defendant filed an application to terminate payment of worker's compensation benefits to plaintiff, which was denied on 3 February 2003.

On 5 March 2003, defendant filed a motion to reconsider the denial, alleging that discovery had produced evidence of plaintiff's misrepresentations made during the initial hiring process that would require the termination of defendant's compensation to plaintiff. On 22 April 2003, Special Deputy Commissioner Chrystina S. Franklin entered an order noting an inability to reach a decision upon defendant's motion and referring the matter for a formal hearing.

On 25 July 2003, the matter came on for hearing before Deputy Commissioner Bradley W. Houser ("Deputy Commissioner Houser"). By opinion and award entered 17 June 2005, Deputy Commissioner Houser concluded in relevant part that (1) North Carolina law did not provide a defense to worker's compensation claims on the basis of an employee's providing false information in obtaining employment; (2) plaintiff produced sufficient evidence to establish ongoing disability and that he is unable to obtain gainful employment without vocational rehabilitation; and (3) clincher settlement agreements are not

**FREEMAN v. ROTHROCK**

[202 N.C. App. 273 (2010)]

equivalent to accelerated payments of compensation for total disability, and therefore, defendant is not entitled to a credit for the compensation already paid to plaintiff. Upon these conclusions, Deputy Commissioner Houser awarded plaintiff ongoing total disability compensation at the rate of $431.32 per week and ordered defendant to provide for all medical and vocational rehabilitation expenses incurred as a result of plaintiff's compensable accident on 11 March 2002. On 9 November 2006, the Full Commission affirmed Deputy Commissioner Houser's opinion and award over Chairman Buck Lattimore's dissent.

Upon remand from our Supreme Court from our prior reversal of the Full Commission's opinion and award, we address defendant's remaining assignments of error. *Estate of Freeman*, 363 N.C. at 249, 676 S.E.2d at 46.

Initially, we address defendant's argument that the Full Commission erred in denying the release of plaintiff's prior files with the Industrial Commission. Defendant argues that these records were necessary to determine the full extent of the misrepresentations plaintiff made in obtaining employment with defendant. In view of our Supreme Court's rejection of the Larson test for the reasons set forth in the dissenting opinion of *Freeman I*, we hold that this assignment of error is moot, and we need not address it. *See id.*; *Freeman I*, 189 N.C. App. at 48-49, 657 S.E.2d at 399-400.

[1] Next, defendant argues that the Full Commission erred in concluding that plaintiff is entitled to ongoing total disability compensation. We disagree.

Pursuant to our well-settled standard of review of opinions and awards of the Full Commission, we inquire "(1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are justified by the findings of fact." *Clark v. Wal-Mart*, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005) (citation omitted). The "Commission is the sole judge of the credibility of the witnesses and the [evidentiary] weight to be given their testimony[;]" however, "findings of fact by the Commission may be set aside on appeal when there is a complete lack of competent evidence to support them." *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 230, 538 S.E.2d 912, 914 (2000) (internal citations and quotation marks omitted). The Full Commission may refuse to believe certain evidence and may accept or reject the testimony of any witness. *Pitman v. Feldspar Corp.*, 87 N.C. App. 208, 216, 360 S.E.2d 696, 700 (1987) (citing *Harrell v.*

*Stevens & Co.*, 45 N.C. App. 197, 205, 262 S.E.2d 830, 835, *disc. rev. denied*, 300 N.C. 196, 269 S.E.2d 623 (1980)), *disc. rev. denied*, 321 N.C. 474, 364 S.E.2d 924 (1988). Furthermore, "[t]he Commission's findings of fact are conclusive on appeal if supported by competent evidence. This is so even if there is evidence which would support a finding to the contrary." *Sanderson v. Northeast Construction Co.*, 77 N.C. App. 117, 121, 334 S.E.2d 392, 394 (1985) (citing *Morrison v. Burlington Industries*, 304 N.C. 1, 282 S.E.2d 458 (1981)). We review the Commission's conclusions of law *de novo*. *Griggs v. Eastern Omni Constructors*, 158 N.C. App. 480, 483, 581 S.E.2d 138, 141 (2003).

Pursuant to the North Carolina Workers' Compensation Act, "the term 'disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (2005). "The employee seeking compensation under the Act bears 'the burden of proving the existence of [her] disability and its extent.' " *Clark*, 360 N.C. at 43, 619 S.E.2d at 493 (quoting *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 185, 345 S.E.2d 374, 378 (1986)).

The employee bears the burden "to show that he is unable to earn the same wages he had earned before the injury, either in the same employment or in other employment." *Russell v. Lowe's Prod. Distrib.*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (citing *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982)).

> The employee may meet this burden in one of four ways: (1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, *i.e.*, age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.

*Id.* (internal citations omitted).

Once an employee establishes disability, the burden shifts to the employer "to show not only that suitable jobs are available, but also

that the [employee] is capable of getting one, taking into account both physical and vocational limitations." *Kennedy v. Duke Univ. Med. Ctr.*, 101 N.C. App. 24, 33, 398 S.E.2d 677, 682 (1990). An employer may rebut the presumption of disability by providing evidence that

> (1) suitable jobs are available for the employee; (2) that the employee is capable of getting said job taking into account the employee's physical and vocational limitations; (3) and that the job would enable employee to earn some wages.

*Franklin v. Broyhill Furniture Indus.*, 123 N.C. App. 200, 209, 472 S.E.2d 382, 388 (Walker, J., concurring), *cert. denied*, 344 N.C. 629, 477 S.E.2d 39 (1996), *overruled on other grounds, Saums v. Raleigh Comm. Hosp.*, 346 N.C. 760, 487 S.E.2d 746 (1997).

In the case *sub judice*, defendant challenges the following findings of fact made by the Full Commission:

> 14. The Full Commission finds that, as of the time of the hearing before the Deputy Commissioner, plaintiff was in need of retraining in employment that he has not done before, because he is unable to do anything he has previously done for a living and will be unable to work without first getting that training. Accordingly, and based upon the totality of the credible medical and lay evidence of record, the Full Commission finds that plaintiff is currently unable to return to work and will require training and vocational assistance before he will be able to perform other work. It follows that a job search now would be futile.

> 15. Despite the likely futility of a job search, plaintiff has been searching for jobs within the areas in which he has experience, to wit, truck driving. Plaintiff's search so far has been unsuccessful.

> 16. Defendants assert that plaintiff's job search has been unreasonable. However, while plaintiff suspected that he might be unable to perform the trucking jobs he was seeking, he was not certain, and he was willing to try. In fact, such an attitude following plaintiff's prior back problems led to nearly two years of successful employment with defendant-employer, until plaintiff's unrelated March 2002 injury. Furthermore, the reason that plaintiff focused his job search on trucking jobs was that those were the only ones in which he had any experience or qualifications. Plaintiff has sought employment in fields in which he does have the skills and has been unable to obtain a job because of his com-

pensable injury. Rather than rendering plaintiff's job search "unreasonable," plaintiff's actions instead demonstrate his ongoing disability.

17. Based upon the totality of the credible medical and lay evidence of record, defendants have failed to produce sufficient evidence upon which to find that plaintiff's ongoing benefits should be suspended or terminated.

Based upon these findings, the Full Commission concluded in relevant part that

[p]laintiff has satisfied prongs (2) and (3) of the test set forth in *Russell* by demonstrating that (a) he has been unsuccessful in his efforts to obtain employment in the areas in which he has work skills and experience, to wit, truck driving; and (b) a job search for work outside the area of truck driving would be futile without vocational re-training, because of plaintiff's lack of relevant training and work experience. Accordingly, Plaintiff has produced sufficient evidence upon which to conclude that his disability continues and that he is currently unable to secure gainful employment absent the previously recommended vocational re-training. . . .

(Italics added).

Plaintiff was born on 9 October 1953, which made him forty-nine years old at the time of the hearing before the Full Commission. At the hearing, plaintiff testified that since the time of his injury he had been looking for trucking jobs because "that's what I know." Notwithstanding, plaintiff explained that he had been unable to find employment. Plaintiff further testified that he was unable to perform those jobs at that time due to his limited ability to sit. Defendant offered plaintiff a position in which he was to be paid $6.66 per hour to drive for approximately four hours per day and to perform "general office duties" the remainder of the time. However, plaintiff submitted an affidavit in response to defendant's application to terminate compensation in which plaintiff stated that (1) he had been paid more than $12.00 per hour as well as overtime compensation; (2) he was unaware of any truck driver anywhere who drove that little; (3) he has "no experience or skills in office work[;]" and (4) he does not know how to use a computer, do any filing, or use an office telephone system. Furthermore, Richard Ramos, M.D. ("Dr. Ramos"), who treated plaintiff for symptoms related to his injury beginning in

August 2002, testified that plaintiff was unable to perform his job with defendant based upon his evaluations of plaintiff and plaintiff's 1996 functional capacity evaluation.

In view of the foregoing, and because the Full Commission is "the sole judge of credibility," *Young*, 353 N.C. at 230, 538 S.E.2d at 914, we hold that the Full Commission's challenged findings of fact are supported by competent evidence. Furthermore, we hold that the challenged findings of fact support the challenged conclusion of law. *See Clark*, 360 N.C. at 43, 619 S.E.2d at 492. Accordingly, we affirm the Full Commission's conclusion that plaintiff established his disability pursuant to the second and third tests set forth in *Russell* and that defendant failed to rebut the presumption of disability. *See Russell*, 108 N.C. App. at 765, 425 S.E.2d at 457; *Franklin*, 123 N.C. App. at 209, 472 S.E.2d at 388.

**[2]** Next, defendant argues that the Full Commission erred in concluding that defendant is not entitled to a credit pursuant to North Carolina General Statutes, section 97-33 for payments plaintiff received pursuant to "clincher" settlement agreements for worker's compensation claims with previous employers. We disagree.

" 'A "clincher" or compromise agreement is a form of voluntary settlement' recognized by the Commission and used to finally resolve contested or disputed workers' compensation cases." *Chaisson v. Simpson*, 195 N.C. App. 463, 474, 673 S.E.2d 149, 158 (2009) (quoting *Ledford v. Asheville Hous. Auth.*, 125 N.C. App. 597, 599, 482 S.E.2d 544, 546, *disc. rev. denied*, 346 N.C. 280, 487 S.E.2d 550 (1997)).

Section 97-33 states that

[i]f any employee is an epileptic, or has a permanent disability or has sustained a permanent injury in service in the army or navy of the United States, or in another employment other than that in which he received a subsequent permanent injury by accident, such as specified in G.S. 97-31, he shall be entitled to compensation only for the degree of disability which would have resulted from the later accident if the earlier disability or injury had not existed.

N.C. Gen. Stat. § 97-33 (2005).

In the case *sub judice*, the Full Commission found as fact that

[c]lincher settlement agreements call for payment of undifferentiated lump sums of money for purposes of resolving all issues in

claims. The amounts paid cannot realistically be considered the equivalent of accelerated payments of compensation for total disability. Accordingly, defendants' argument that they are entitled to credit against the compensation for which they are liable, based on payments that were made to plaintiff in prior settlements of prior claims, is rejected.

Based upon this finding of fact, the Full Commission concluded that

[b]ecause clincher settlement agreements call for payment of undifferentiated lump sums of money for purposes of resolving all issues in claims, and because the amounts paid cannot realistically be considered the equivalent of accelerated payments of compensation for total disability, defendants' contention that they are entitled to credit against the compensation for which they are liable, based on payments that were made to plaintiff in prior settlements of prior claims, is rejected. N.C. Gen. Stat. § 97-33.

Plaintiff testified that he sustained an injury to his back in 1992 when he lifted heavy rolls of black plastic during his employment with Four Seasons. He received workers' compensation for that injury for approximately two years, and subsequently executed a settlement agreement[1] to resolve the claim. The total claim settled for $52,000.00 of which plaintiff received $39,000.00.

Plaintiff further testified that he sustained another injury to his back in 1996 while employed as a truck driver for B.B. Walker. Plaintiff received workers' compensation benefits for approximately one and one half years following the injury until he executed a clincher settlement agreement with B.B. Walker on 13 May 1999. In relevant part, the 1999 clincher agreement states that

[i]t is stipulated by the parties that the sum paid is substantially less than would be due in the event that the Employee were to recover full benefits for permanent and total disability and represents a compromise resulting from controversy with respect to material issues. Said sum is subject to an attorney's fee of $20,000.00, as approved by the Industrial Commission. The remaining $70,000.00 is attributed as being pro-rated over the

---

1. The settlement agreement relating to plaintiff's 1992 back injury is not included in the record on appeal.

period of 33.8 years[2] following the last payment of compensation prior to this agreement, for an attributed rate of approximately $39.83 per week.

Although the attributed compensation rate ($39.83), plaintiff's life expectancy (33.8 years), and amount to be paid to plaintiff ($70,000.00) all appear in the agreement, the agreement does not disclose how the parties arrived at the compensation rate beyond an expression of the parties' mutual assent that the agreement "represents a compromise resulting from controversy with respect to material issues." Furthermore, the 1999 clincher agreement expressly states that the compensation amount agreed upon was substantially less than would be due for permanent and total disability benefits. Even less information is available in the record on appeal with respect to the clincher agreement executed regarding plaintiff's 1992 injury.

Additionally, although defendant assigned error to the Full Commission's finding of fact number 18, defendant failed to preserve the assignment of error for appellate review, and the finding is presumed to be supported by competent evidence. *See* N.C. R. App. P. 28(b)(6) (2005); *Koufman v. Koufman,* 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). In finding of fact number 18, the Full Commission found that:

The Full Commission specifically rejects defendants' contention that, because Dr. Ramos released plaintiff to work in October 2002 with physical restrictions based on plaintiff's 1996 FCE[3], it follows that plaintiff was no more disabled in October 2002 than he had been when he began working for defendant-employer in 2000. Defendants' contention is belied by the fact that, *at the time plaintiff was employed by defendant-employer in 2000, plaintiff was clearly able to exceed the physical restrictions set forth in the 1996 FCE, since plaintiff performed without difficulty job requirements exceeding those restrictions for nearly two years, until suffering the unrelated March 2002 injury.* As Dr. Ramos testified, and as the Full Commission has found as fact, plaintiff is no longer able to perform his erstwhile job duties following his March 2002 injury. It follows that, despite Dr. Ramos's adoption of the restrictions set forth in the 1996 FCE, plaintiff's

---

2. This number represents plaintiff's life expectancy at the time of the 1999 agreement.

3. Functional Capacity Evaluation.

ability to work has plainly been impacted negatively by his March 2002 injury.

(Emphasis added).

Accordingly, we agree with the Full Commission's finding that

[c]lincher settlement agreements call for payment of undifferentiated lump sums of money for purposes of resolving all issues in claims. The amounts paid [in plaintiff's prior clincher agreements] cannot realistically be considered the equivalent of accelerated payments of compensation for total disability. Accordingly, defendants' argument that they are entitled to credit against the compensation for which they are liable, based on payments that were made to plaintiff in prior settlements of claims, is rejected.

We hold that the Full Commission's finding of fact number 19 supports its conclusion of law number 3. Furthermore, because of the undifferentiated nature of plaintiff's clincher settlement payments in prior claims as well as the Full Commission's unchallenged finding of fact that plaintiff's March 2002 injury resulted in total disability causally unrelated to plaintiff's previous back injuries, we conclude that section 97-33 is inapplicable in these circumstances. Moreover, other than the fact that plaintiff settled prior claims for injuries and disability unrelated to the present claim, the record is void of any evidence that would support an apportionment pursuant to section 97-33 of "degree[s] of disability" between plaintiff's earlier injuries and the March 2002 injury.

Accordingly, we affirm the Full Commission's opinion and award.

Affirmed.

Judges WYNN and HUNTER, Robert C. concur.