MARIE SALOMON, EMPLOYEE, PLAINTIFF v. THE OAKS OF CAROLINA, EMPLOYER, AND TRAVELERS, CARRIER, DEFENDANTS

No. COA11-511

(Filed 15 November 2011)

**1. Workers' Compensation—injury by accident—unexpected and unusual event during routine activity**

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff nurse assistant sustained a compensable injury by accident. The unexpected and unusual event was not changing a nursing home resident without assistance,

SALOMON v. THE OAKS OF CAROLINA

[217 N.C. App. 146 (2011)]

but rather the resident suddenly and without warning pushing back as plaintiff held him with one arm during a routine activity.

**2. Workers' Compensation—disability—temporary total disability benefits—sufficiency of findings of fact—futility of job search**

The Industrial Commission erred in a workers' compensation case by concluding that plaintiff nurse assistant was entitled to temporary total disability benefits. The conclusory findings were insufficient to support the Commission's conclusion that plaintiff established her disability by showing her job search was reasonable but unsuccessful. The Commission failed to address plaintiff's evidence or the possible futility of her job search.

Appeal by Defendants from opinion and award entered 31 January 2011 by the North Carolina Industrial Commission. Heard in the Court of Appeals 12 October 2011.

*Hardison & Cochran, PLLC, by J. Jackson Hardison, for Plaintiff.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Jennifer V. Ruiz and M. Duane Jones, for Defendants.*

STEPHENS, Judge.

*Factual and Procedural History*

Plaintiff Marie Salomon worked for Defendant-employer The Oaks of Carolina (a nursing home) as a certified nurse's assistant ("CNA") caring for elderly residents. On 8 March 2009, Plaintiff discovered one partially-paralyzed resident who had soiled himself and needed changing. Plaintiff testified that the normal procedure for moving or changing a resident would be to get assistance from another CNA or nurse, but that understaffing at the nursing home sometimes made this impossible. Plaintiff asked several other staff members to help her change the soiled resident, but after approximately fifteen minutes, concerned about the resident's comfort and health, she decided to proceed by herself. Working without assistance, Plaintiff had to hold up and support the resident with only one arm as she used her other arm to change him. As she supported him, the resident suddenly pushed back against Plaintiff, and she heard a crack and felt pain in her shoulder.

Plaintiff alleged a compensable injury by accident to her right upper arm and shoulder on 8 March 2009. By Industrial Commission Form 61 dated 8 July 2009, Defendant-employer denied Plaintiff's alleged injury. On 2 November 2009, Deputy Commissioner Philip A. Baddour, III, issued an opinion and award denying Plaintiff's claim. Plaintiff appealed to the Full Commission, which by opinion and award issued 31 January 2011, found that Plaintiff had sustained a compensable injury by accident and awarded temporary total disability benefits. Defendant-employer and Defendant-carrier Travelers (collectively, "Defendants") appeal, arguing that various findings of fact are not supported by competent evidence which in turn do not support the conclusions of law that Plaintiff sustained a compensable injury by accident and is entitled to temporary total disability payments. Specifically, Defendants contend that Plaintiff was injured not by accident but rather while performing her normal job duties in a customary manner, and that, even if her injury is compensable, Plaintiff failed to prove her disability was related to the compensable injury. We affirm in part and remand in part for additional findings.

## Standard of Review

Our review of an opinion and award by the Commission is limited to two inquiries: (1) whether there is any competent evidence in the record to support the Commission's findings of fact; and (2) whether the Commission's conclusions of law are justified by the findings of fact. If supported by competent evidence, the Commission's findings are conclusive even if the evidence might also support contrary findings. The Commission's conclusions of law are reviewable *de novo*.

*Legette v. Scotland Mem'l Hosp.*, 181 N.C. App. 437, 442-43, 640 S.E.2d 744, 748 (2007) (internal citations omitted), *appeal dismissed and disc. review denied*, 362 N.C. 177, 658 S.E.2d 273 (2008).

## Injury by Accident

[1] Defendants first argue that the Commission's conclusion that Plaintiff's injury was a compensable injury by accident is not supported by the findings of fact.[1] We disagree.

---

1. Defendant's brief states that no competent evidence supports the Commission's findings of fact 2-4, 11, and 14. However, in their argument, Defendants do not actually contend these findings are unsupported, except to the extent the findings characterize Plaintiff's injury as an accident and her unassisted moving of residents as outside her normal job duties. Rather, as discussed below, Defendants suggest that the weight of evidence would have supported different findings.

The terms "accident" and "injury" are separate and distinct concepts, and there must be an "accident" that produces the complained-of "injury" in order for the injury to be compensable. An "accident" is an unlooked for event and implies a result produced by a fortuitous cause. If an employee is injured while carrying on [the employee's] usual tasks in the usual way the injury does not arise by accident. In contrast, when an interruption of the employee's normal work routine occurs, introducing unusual conditions likely to result in unexpected consequences, an accidental cause will be inferred. The "essence" of an accident is its unusualness and unexpectedness . . . .

Thus, in order to be a compensable "injury by accident," the injury must involve more than the employee's performance of his or her usual and customary duties in the usual way. Moreover, once an activity, even a strenuous or otherwise unusual activity, becomes a part of the employee's normal work routine, an injury caused by such activity is not the result of an interruption of the work routine or otherwise an "injury by accident" under the Workers' Compensation Act.

*Gray v. RDU Airport Auth.*, ___ N.C. App. ___, ___, 692 S.E.2d 170, 174 (2010) (internal citations and quotation marks omitted).

Here, the parties do not dispute that portion of the Commission's finding of fact 2, that "[t]his resident was elderly and paralyzed on one side and therefore the normal and appropriate procedure was for two people to change the resident[,]" or the part of finding of fact 4, "that it was not uncommon for [D]efendant-employer to be short-staffed on weekends and because of the short-staffing, [P]laintiff sometimes moved residents without assistance due to lack of help." Based on these findings of fact, Defendants contend that, because regular understaffing at the nursing home frequently required Plaintiff to change residents by herself, doing so had become part of her normal work routine, even though the normal or preferred procedure required two staff members. We agree.

However, the unexpected and unusual event here was not changing a resident without assistance, but rather the resident suddenly and without warning "push[ing] back" as Plaintiff held him with one arm. As the Commission's unchallenged finding of fact 5 determined:

*Because the resident unexpectedly pushed back as [P]laintiff was attempting to move him, [P]laintiff engaged in unusual physical exertion during the incident* as compared to changing

the resident with the assistance of another staff person. Therefore, [P]laintiff's injury on March 8, 2009 did not occur under normal work conditions while she was performing her job in the usual manner.

(Emphasis added). Similarly, finding 14 states in pertinent part:

Plaintiff's act of moving an elderly, partially paralyzed resident by herself . . . , *having to handle and hold the resident different-ly . . ., along with the resident's unexpected movement and [P]laintiff only having one arm to respond to the resident's sudden movement,* constituted an unlooked for and untoward event, which was an interruption of [P]laintiff's normal work routine.

(Emphasis added).

The Commission's finding that the resident's "push[ing] back" was "unexpected" is supported by Plaintiff's testimony on cross-examination that such resistance was unusual:

Q. But it isn't unusual for a nursing home patient to be uncooperative or resistant, is it?

A. Yes.

Q. Is that yes, it is unusual, or yes, it's—is it unusual?

A. Like, for what?

Q. For a nursing home patient to push back or be resistant or uncooperative in [his] behaviors when you're assisting [him]?

A. No, not all the time. No.

Plaintiff also testified that she had never "had any problems moving [residents] by herself[.]" She further characterized the specific incident when she was injured as sudden and unpredictable: ". . . while I change him [sic], turning him to change him, so suddenly—I think it's by accident for him."

We find the factual circumstances here analogous to those in *Konrady v. U.S. Airways, Inc.,* 165 N.C. App. 620, 626, 599 S.E.2d 593, 597 (2004). In *Konrady,* the plaintiff, a flight attendant, injured her knee when she "misstepped" as she exited a courtesy van. *Id.* at 622, 599 S.E.2d at 594. In affirming the Commission's conclusion that the plaintiff sustained an injury by accident, we opined:

In deciding whether the Commission's findings are sufficient to support its conclusion that an accident occurred, the issue is not whether exiting vans is routine for Konrady, as [the] defendants contend, but whether something happened as she was exiting that particular van on that specific occasion that caused her to exit the van in a way that was not normal. Were there any unexpected conditions resulting in unforeseen circumstances? Here, the unexpected conditions found by the Commission included a step that was shorter than other steps and the overlapping of the step with the curb. The unforeseen circumstances found by the Commission were that the step down from the van was much shorter than Konrady anticipated, causing her to "misstep" and hit the ground harder than she expected.

*Id.* at 626, 599 S.E.2d at 597. Similarly, here the Commission found, based on competent evidence, that the resident's sudden "push[ing] back" was an unexpected condition which occurred during a routine activity and caused Plaintiff's injury. This finding in turn supports the Commission's conclusion that Plaintiff's injury occurred by accident. Defendants' argument is overruled.

*Disability*

**[2]** Defendants next argue that the findings of fact do not support the Commission's conclusion that Plaintiff was entitled to temporary total disability benefits. We agree.

In unchallenged findings and conclusions, the Commission determined that Plaintiff constructively refused suitable employment when her employment was terminated for reasons unrelated to her compensable injury. In such situations, an employee is entitled to disability benefits only "if [ ] she can demonstrate that work-related injuries, and not the circumstances of the employee's termination, prevented the employee from either performing alternative duties or finding comparable employment opportunities." *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 494, 597 S.E.2d 695, 699 (2004) (citation omitted). Thus, Plaintiff's constructive refusal to work shifts the burden of proving disability from the employer to the employee. *Id.* An employee can meet this burden in four ways:

(1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain

employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.

*Russell v. Lowe's Prod. Distribution,* 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (citations and quotation marks omitted).

Further, the Commission "must make specific findings of fact as to each material fact upon which the rights of the parties in a case involving a claim for compensation depend. Thus, the Commission must find those facts which are necessary to support its conclusions of law." *Johnson v. Herbie's Place,* 157 N.C. App. 168, 172, 579 S.E.2d 110, 113 (citations and quotation marks omitted), *disc. review denied,* 357 N.C. 460, 585 S.E.2d 760 (2003).

Here, when asked whether she had sought employment since being fired by Defendant-employer, Plaintiff testified:

A. I look for a couple of places. I look on the internet. I went to nursing home. I have my friend who take [sic] me some places. Some places I don't even remember the name. So I went. Yes, I do.

Q. Do you remember the names of any of the places you looked?

A. I went to Smithfield Manor. I went to Carolina. That's the assisted living. I went a couple places.[2]

Findings of fact 15 and 16 address Plaintiff's proof of disability under the second prong of *Russell*:

15. Following [P]laintiff's termination, [P]laintiff has attempted to find other employment and has filed for and received unemployment benefits since August 4, 2009 in the amount of $329.00 per week. The Commission finds that [P]laintiff made a reasonable job search in an effort to find possible suitable employment but has been unsuccessful in her efforts.

---

2. Plaintiff also testified that she had kept copies of some of the job applications she completed. Her counsel stated that these copies would be provided to Defendants, but no post-injury job applications from Plaintiff appear in the record.

16. The Commission further finds that as a result of the compensable injury by accident, [P]laintiff has been unable to earn the same or greater wages as she was earning in the same or any other employment since April 22, 2009.

These conclusory findings are insufficient to support the Commission's conclusion that Plaintiff has established her disability by showing her job search was "reasonable" but unsuccessful. *See Johnson v. Southern Tire Sales & Serv.*, 358 N.C. 701, 710, 599 S.E.2d 508, 515 (2004). In *Johnson*, the Commission's limited and conclusory findings "that 'plaintiff located a job lead on his own' and that 'plaintiff ha[d] made a reasonable effort to locate suitable employment[,]' " were insufficient standing alone to support the Commission's conclusions of law. *Id.; compare Freeman v. Rothrock*, 202 N.C. App. 273, 279, 689 S.E.2d 569, 573-74 (2010) (affirming the Commission's conclusion that the plaintiff established disability pursuant to the second *Russell* prong where the Commission made detailed findings of fact explaining the basis for its determination that the plaintiff's limited job search was reasonable). We see no meaningful distinction between the findings held insufficient to establish disability under the second *Russell* prong in *Johnson* and those here.

As Plaintiff notes, however, she also presented evidence in an attempt to establish disability under the third prong of *Russell*: "that [s]he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment". 108 N.C. App. at 765, 425 S.E.2d at 457. But the Commission failed to address Plaintiff's evidence or the possible futility of her job search. While we express no opinion regarding the sufficiency of Plaintiff's evidence on futility, the Commission "must make specific findings of fact as to each material fact upon which the rights of the parties in a case involving a claim for compensation depend." *Herbie's Place*, 157 N.C. App. at 172, 579 S.E.2d at 113.

Accordingly, we reverse this portion of the opinion and award and remand to the Commission for further proceedings not inconsistent with this opinion, including the making of adequate findings of fact addressing whether Plaintiff is disabled under the third method for establishing disability set forth in *Russell*.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

Judges BRYANT and ELMORE concur.