An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-798
NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

BOBBY D. NORRIS, Employee,
    Plaintiff-Appellee,

    v.                                    N.C. Industrial Commission
                                          I.C. No. 562529
WAL-MART ASSOCIATES, INC.,
Employer, and AMERICAN HOME
ASSURANCE, Carrier (CLAIMS
MANAGEMENT, INC., Third-Party
Administrator),
    Defendant-Appellants.


Appeal by defendants from an amended opinion and award of the North Carolina Industrial Commission filed 6 March 2013. Heard in the Court of Appeals 9 December 2013.

> *Brent Adams & Associates, by Sheila W. Chavis, for plaintiff-appellee.*

> *Hedrick Gardner Kincheloe & Garofalo, LLP, by Tracie H. Brisson and M. Duane Jones, for defendant-appellants.*


McCULLOUGH, Judge.

Wal-Mart Associates, Inc. and American Home Assurance (Claims Management, Inc.) (together "defendants") appeal from an amended opinion and award of the North Carolina Industrial

Commission (the "Commission") in favor of Bobby D. Norris ("plaintiff"). For the following reasons, we affirm.

## I. Background

On 29 May 2005, plaintiff sustained a compensable lower back injury while moving merchandise at work. Upon submission of plaintiff's worker's compensation claim in October 2005, defendants accepted plaintiff's claim and began paying temporary total disability compensation and providing medical treatment. In the years that followed, plaintiff consulted numerous doctors, received various treatments and medications to manage pain, and underwent several surgical procedures.

In 2008, plaintiff unsuccessfully attempted to return to work as a people greeter on two separate occasions. Following the second attempt to return to work on 2 August 2008, a dispute arose when defendants refused to reinstate plaintiff's disability compensation upon notification that the return to work had failed.

Thereafter, plaintiff filed a Form 33 requesting his claim be assigned for hearing. In the filing, plaintiff asserted that he is unable to work and defendants had refused to resume temporary total disability and refuse to authorize treatment. In defendants' Form 33R response, defendants claimed

"[p]laintiff has reached maximum medical improvement and was provided light duty restrictions which were accommodated by [d]efendants. Plaintiff has unjustifiably refused suitable employment and is therefore not entitled to temporary total disability benefits." Plaintiff's Form 33 and defendants' Form 33R were received by the Commission on 17 November 2010.

The matter came on for hearing in Raleigh before Deputy Commissioner Chrystal Redding Stanback on 27 January 2011. Following the hearing, the record was held open until 20 January 2012 to allow for depositions of plaintiff's physicians. On 10 July 2012, an opinion and award by the deputy commissioner was filed reinstating total disability compensation for plaintiff as of 4 August 2008, ordering defendants to authorize and pay for certain past medical treatment and reasonably necessary future medical treatment, and sanctioning defendants by awarding fees and costs. Defendants filed notice of appeal to the Full Commission on 24 July 2012.

Without reopening the evidence, the Full Commission considered defendants' appeal on 3 December 2012. On 13 February 2013, an opinion and award for the Full Commission and a dissenting opinion were filed.

Following a motion by defendants to amend the opinion and award to correctly reflect the parties in the caption, an amended opinion and award for the Full Commission and a dissenting opinion were filed 6 March 2013. In the Commission's 6 March 2013 opinion and award, the Commission affirmed, with modifications, the opinion and award by the deputy commissioner. Specifically, the Commission's opinion and award reinstated total disability compensation for plaintiff as of 4 August 2008 and required that it continue until plaintiff returned to work or further order by the Commission. The opinion and award further ordered defendants to pay for past medical treatment and additional reasonably necessary medical treatment. Lastly, the opinion and award required defendants to pay fees and costs as a sanction for "their willful, stubborn, and litigious behavior[.]"

Defendants appealed to this Court on 20 March 2013.

## II. Discussion

### Standard of Review

Review of an opinion and award of the Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This '[C]ourt's

duty goes no further than to determine whether the record contains any evidence tending to support the finding.'" *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citation omitted) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)). "The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Anderson*, 265 N.C. at 433-34, 144 S.E.2d at 274.

<u>Ongoing Disability Compensation</u>

On appeal, defendants first argue the Commission erred in awarding ongoing disability compensation because plaintiff failed to prove he is disabled.

In the North Carolina Workers' Compensation Act, "[t]he term 'disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (2013). Thus, "'disability refers not to physical infirmity but to a diminished capacity to earn money.'" *McLaughlin v. Staffing Solutions*, 206 N.C. App. 137, 148, 696 S.E.2d 839, 847 (2010) (quoting *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 434-35, 342 S.E.2d 798, 804 (1986) (citation and quotation marks

omitted)).    As this Court explained in *Russell v. Lowes Prod.*
*Distrib.*, 108 N.C. App. 762, 425 S.E.2d 454 (1993),

> [t]he burden is on the employee to show that
> he is unable to earn the same wages he had
> earned before the injury, either in the same
> employment or in other employment.    The
> employee may meet this burden in one of four
> ways:    (1) the production of medical
> evidence that he is physically or mentally,
> as a consequence of the work related injury,
> incapable of work in any employment; (2) the
> production of evidence that he is capable of
> some work, but that he has, after a
> reasonable effort on his part, been
> unsuccessful in his effort to obtain
> employment; (3) the production of evidence
> that he is capable of some work but that it
> would be futile because of preexisting
> conditions, i.e., age, inexperience, lack of
> education, to seek other employment; or (4)
> the production of evidence that he has
> obtained other employment at a wage less
> than that earned prior to the injury.

*Id.* at 765, 425 S.E.2d at 457 (citations omitted).

In this case, the Commission cited the *Russell* standard and
stated the following in conclusion of law number 6:

> The medical evidence offered by Plaintiff
> from his treating physicians meets the
> burden of proof for continuing disability
> under *Russell* . . . .    In this case,
> Plaintiff has met his burden under *Russell*
> in that Plaintiff has unsuccessfully
> attempted to return to work with Defendant-
> Employer on two occasions, is still employed
> [by] Defendant-Employer, but has not been
> provided with suitable employment by
> Defendant-Employer, regularly searches
> newspaper ads looking for possible work
> within his physical capabilities, and has

presented sufficient evidence to determine that Plaintiff is disabled due to his injury by accident.

Now on appeal, defendants contend this conclusion corresponds solely to the second prong in *Russell* and argue that neither the findings of fact, nor the evidence, supports a conclusion that plaintiff has been unable to find suitable employment after a reasonable effort. Defendants argue the only finding of fact concerning plaintiff's search for employment is finding of fact number 48, which provides "[p]laintiff testified that he regularly searches newspaper ads looking for possible work but is unable to find any work that he can do within his physical abilities." Yet, defendants claim finding of fact number 48 is not an adequate finding of fact because it merely summarizes plaintiff's testimony and, in the alternative, does not support a conclusion that plaintiff has satisfied his burden of proving disability under the second prong in *Russell*. In support of their alternative argument, defendants cites *Salomon v. Oaks Of Carolina*, _ N.C. App. _, 718 S.E.2d 204 (2011), for the proposition that testimony that a plaintiff attempted to locate other employment was insufficient standing alone to support a finding of a reasonable job search effort.

Upon review, we disagree with defendants arguments and affirm the Commission's opinion and award.

First, we hold finding of fact 48 to be a proper finding of fact. As both parties acknowledge, "findings of fact must be more than a mere summarization or recitation of the evidence and the Commission must resolve the conflicting testimony." *Lane v. Am. Nat'l Can Co.*, 181 N.C. App. 527, 531, 640 S.E.2d 732, 735 (2007). Recitations of testimony are not proper findings "because they do not reflect a conscious choice between the conflicting versions of the incident in question which emerged from all the evidence presented." *Winders v. Edgecombe Cty. Home Health Care*, 187 N.C. App. 668, 673, 653 S.E.2d 575, 579 (2007) (quotation marks omitted). In the present case, however, there is no evidence contradicting plaintiff's testimony that he searched newspaper ads for employment. Although the better practice would be to omit the opening phrase "[p]laintiff testified[,]" in this case, it is evident from the opinion and award that the Commission found the testimony concerning plaintiff's job search to be credible since the Commission reiterated the finding in conclusion of law number 6, stating "[plaintiff] regularly searches newspaper ads looking for possible work within his physical capabilities."

Second, we find this case distinguishable from *Salomon*. In *Salomon*, the plaintiff was terminated for reasons unrelated to her compensable injury and, therefore, the Commission determined the plaintiff had constructively refused suitable employment. _ N.C. App. at _, 718 S.E.2d at 208. Nevertheless, the Commission determined the plaintiff was entitled to temporary total disability benefits based on its findings that the plaintiff "attempted to find other employment" and "made a reasonable job search in an effort to find possible suitable employment but has been unsuccessful in her efforts." *Id*. at _, 718 S.E.2d at 209. Upon appeal of the opinion and award, this Court held the Commission's "conclusory findings [were] insufficient to support the Commission's conclusion that [the] [p]laintiff has established her disability by showing her job search was 'reasonable' but unsuccessful." *Id*.

In the present case, the Commission's finding of fact number 48 is not a conclusory statement, but an account of plaintiff's search efforts. Moreover, the Commission's conclusion that plaintiff met his burden of proof for continuing disability was not based solely on finding of fact number 48. In addition to finding of fact 48, the Commission made findings indicating that plaintiff was limited in the work he could

perform, unsuccessfully attempted to return to work at Wal-Mart in the people greeter position on two separate occasions, and remains employed by Wal-Mart even though he has not been provided suitable employment. It is evident from the Commission's conclusion of law number 6 that it was the combination of these findings and finding of fact number 48 that convinced the Commission plaintiff was entitled to ongoing disability under the second prong of *Russell*.

Upon review, we agree the combination of the Commission's findings, which are amply supported by the evidence, support the conclusion that plaintiff is entitled to continuing disability.

## Attorney's Fees and Costs

On appeal, defendants also argue the Commission erred in awarding attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1, which provides "[i]f the [Commission] shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them." N.C. Gen. Stat. § 97-88.1 (2013). Specifically, defendants contend their defense of plaintiff's claim was reasonable.

As this Court has recently explained,

> [t]he standard of review for an award or denial of attorney's fees under N.C. Gen. Stat. § 97-88.1 is a two-part analysis:
>
>> First, whether the defendant had a reasonable ground to bring a hearing is reviewable by this Court *de novo*. If this Court concludes that a party did not have reasonable ground to bring or defend a hearing, then we review the decision of whether to make an award and the amount of the award for an abuse of discretion. In conducting the first step of the analysis, the reviewing court should consider the evidence presented at the hearing to determine reasonableness of a defendant's claim. As such, the burden is on the defendant to place in the record evidence to support its position that it acted on reasonable grounds.
>
>> The test is not whether the defense prevails, but whether it is based in reason rather than in stubborn, unfounded litigiousness.

*Ensley v. FMC Corp.*, _ N.C. App. _, _, 731 S.E.2d 855, 858 (2012) (citations and quotation marks omitted).

As indicated in the pre-trial agreement and the opinion and award of the deputy commissioner, the attorney's fee issue considered by the deputy commissioner and reviewed by the Full Commission was

> [w]hether defendants should be sanctioned pursuant to N.C. [Gen. Stat.] § 97-88.1 for their unjust refusal to resume indemnity benefits upon learning of [p]laintiff's

> unsuccessful return to work and after being put on notice of N.C. [Gen. Stat.] § 97-32.1 and [this Court's] decision in *Davis v. Hospice & Palliative Care*, 202 N.C. App. 660, 692 S.E.2d 631 (2010).

Upon *de novo* review, the Full Commission found the following in finding of fact number 54:

> Based upon a preponderance of the evidence of record, the Full Commission finds that [d]efendants' defense of this claim was unreasonable and indicative of stubborn and unfounded litigiousness as [d]efendants filed a Form 28, *Return to Work Report*, on August 11, 2008, stating that [p]laintiff returned to work on August 2, 2008 despite having notice that [p]laintiff's attempt to return to work was unsuccessful as of August 4, 2008. The Full Commission finds that the intentional filing of the Form 28, seven days after [p]laintiff provided sufficient notice of a failed return to work, establishes stubborn and unfounded litigiousness. The Full Commission further finds that [d]efendants' failure to reinstate temporary total disability payments after being notified that [p]laintiff's return to work attempt was unsuccessful also constituted stubborn and unfounded litigiousness.

Based on this finding, the Commission then concluded in conclusion of law number 13:

> The Full Commission concludes that [d]efendants' defense of this claim constitutes stubborn, unfounded litigiousness. The [d]efendants have defended this claim without reasonable grounds; therefore, [p]laintiff is entitled to an attorney's fee in this matter. N.C. Gen. Stat. § 97-88.1; *Sparks v. Mountain*

*Breeze Restaurant & Fish House, Inc.*, 55
N.C. App. 663, 286 S.E.2d 575 (1982).

Defendants now argue the Commission erred in conclusion of law number 13 by concluding defendants' defense was unreasonable and argue finding of fact number 54, as well as all findings to the extent they imply defendants' defense was unreasonable, are not supported by the evidence. Defendants further argue their defense was reasonable because plaintiff has failed to meet his burden to establish disability. Defendants' arguments are misguided.

N.C. Gen. Stat. § 97-32.1 (2013) governs trial returns to work. It states that "[i]f the trial return to work is unsuccessful, the employee's right to continuing compensation under [N.C. Gen. Stat. §] 97-29 shall be unimpaired unless terminated or suspended thereafter pursuant to the provisions of this Article." N.C. Gen. Stat. § 97-32.1 (2013). In *Davis v. Hospice & Palliative Care of Winston-Salem*, 202 N.C. App. 660, 692 S.E.2d 631 (2010), this Court made clear that N.C. Gen. Stat. § 97-32.1 mandates automatic reinstatement of disability compensation "as soon as an employer has knowledge that an employee's return to work has been unsuccessful." *Id*. at 668, 692 S.E.2d at 637. Notice of the failed return to work via a

Form 28U, although preferred, is not required for reinstatement of compensation so long as the employer receives notice. *Id.*

In this case, the evidence supports the Commission's finding that "[d]efendants filed a Form 28, *Return to Work Report*, . . . despite having notice that [p]laintiff's attempt to return to work was unsuccessful[.]" Based on this finding and the requirements of N.C. Gen. Stat. § 97-32.1 and *Davis*, we hold defendants' defense to plaintiff's claim for reinstatement of temporary total disability benefits was unreasonable. Defendant does not argue the Commission abused its discretion in awarding fees or determining the amount; thus, we affirm the Commission's award of fees and costs pursuant to N.C. Gen. Stat. § 97-88.1.

As noted in *Davis*, "if defendants wished to cease making the reinstated disability payments, they were required to follow the procedures under one of the listed sections in Chapter 97." *Id*. at 669, 692 S.E.2d at 637. Reinstatement of temporary total disability compensation to plaintiff, however, should have been automatic upon notice of plaintiff's failed return to work.

### III. Conclusion

As discussed above, the Commission's findings of fact are supported by the evidence and those findings, in turn, support

the Commission's conclusions of law.  Accordingly, we affirm the opinion and award of the Commission.

Affirmed.

Chief Judge MARTIN and Judge ERVIN concur.

Report per Rule 30(e).